UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC TOLLIVER,

                           Petitioner,

v.                                              9:02-CV-0570 (LEK)(RFT)

CHARLES GREINER,

                           Respondent.

---

APPEARANCES:                          OF COUNSEL:

ERIC TOLLIVER
Petitioner, *pro se*

HON. ELIOT SPITZER                   PATRICK F. MACRAE, Esq.
New York State Attorney General       Assistant Attorney General
Attorney for Respondent

LAWRENCE E. KAHN, U.S. District Judge

**DECISION and ORDER**

     Petitioner Eric Tolliver ("petitioner") filed a petition for a writ of habeas corpus with the Court on April 25, 2002. Dkt. No. 1. Because his first petition was found by the Court to be deficient, *see* Dkt. No. 4, petitioner filed an amended petition on August 15, 2002. Dkt. No. 6. The amended petition was recommended denied and dismissed by the Report and Recommendation of Magistrate Judge Randolph F. Treece filed on September 8, 2005. Dkt. No. 22. That Report and Recommendation was adopted, and the petition dismissed, by Order of this Court filed on September 30, 2005.[1] Dkt. No. 24. On October 3, 2005, petitioner's objections to the September 8, 2005 Report and Recommendation were received by the Court. The objections were signed by the

---

[1] On September 30, 2005, no objections had been received from the petitioner, even though petitioner had been granted an extension of time until September 29, 2005 to submit objections.

petitioner on September 28, 2005. Dkt. No. 26. Because a prisoner's submission is deemed filed with the Court when he delivers the submission to prison officials,[2] the Court vacated its September 30, 2005 Order and reconsidered the September 8, 2005 Report and Recommendation in conjunction with petitioner's objections.[3] After reconsideration, the September 8, 2005 Report and Recommendation was adopted, and the petition dismissed, by Order of this Court filed on October 11, 2005. Dkt. No. 28.

Presently before the Court is a motion for a Certificate of Appealability ("COA") filed by the petitioner. Dkt. No. 31.

Section 2253(c)(1) of Title 28 of the United States Code provides, in pertinent part, that

> [u]nless a circuit justice or judge issues a certificate of appealability,
> an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in
> which the detention complained of arises out of
> process issued by a State court; or
> (B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).[4] Furthermore, the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] *See Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382 (1988) (a pro se prisoner's papers are considered filed when they are given to prison officials for forwarding to the court).

[3] "Absent evidence to the contrary, the Court assumes that [petitioner] gave his petition to prison officials for mailing on the date he signed it." *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000).

[4] Likewise, Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part, that "[i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

After reviewing the relevant portions of the file, and for the reasons set forth in Magistrate Judge Treece's Report-Recommendation and this Court's October 11, 2005 Order, the Court finds that the petitioner has failed to make the required showing.

**WHEREFORE**, it is hereby

**ORDERED**, that petitioner's motion for a Certificate of Appealability (Dkt. No. 31) is **DENIED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties.

Dated:  November 30, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge